ODOU & ARNOLD, Respondents, v. BEN BENSON. RICHARD-SON & LARSON, Appellants.

(228 N. W. 812.)

Opinion filed January 27, 1930.

*Paul W. Boehm,* for appellants.

*C. M. Dunn,* for respondents.

BURKE, Ch. J.    This is an appeal by garnishees.    At the close of the testimony appellants moved the trial court for a directed verdict on the ground and for the reason that the undisputed evidence showed that the garnishees were not indebted to the plaintiffs, which motion was overruled.    The case was submitted to the jury and there was a verdict for the plaintiffs.    Thereafter the appellants applied to the court by motion for judgment notwithstanding the verdict or for a new trial, which was overruled, and the garnishees' appeal, assigning as error the refusal of the court to grant the motion for a judgment notwithstanding the verdict.

We are of the opinion that the appellants are right in their contention; that the evidence does not show that appellants, the garnishees, were indebted to the defendant, Benson, in the action at the time of the institution of the garnishment proceedings.

The plaintiffs' witness, J. O. Wigen, cashier of the Adams County State Bank, testified that on the 4th of November, 1925, Ben Benson, the defendant in the main action, came to the bank with a check from Richardson & Larson, the garnishees, for $227.30; that out of this check he paid to the bank his note for $135, interest $13.55, and was paid by the bank the balance in cash.    R. O. Richardson, one of the garnishees, testifying for the garnishees, stated that on the morning of the 4th of November, 1925, about 10 o'clock in the forenoon, he paid to the defendant, Ben Benson, all the indebtedness due Benson, from Richardson & Larson for wheat purchased during the fall of 1925 by check on the Live Stock National Bank of Hettinger, North Dakota, and that the check was accepted by Benson in full payment for all the indebtedness due to Benson from Richardson & Larson; that a little later Ludwig Johnson came to the office claiming a labor lien on the grain; that he, Richardson, called up the Live Stock National Bank and stopped payment on the check, sent Ludwig Johnson for Benson, and when Johnson returned with Benson, Benson paid Johnson the amount

of his claim out of the money which he got from the check and which he had already cashed at the Adams County State Bank; that he then called up the bank and asked them to release the stoppage of payment on the check and the check was paid.

The evidence shows conclusively that on the morning of the 4th of November, 1925, Richardson & Larson paid whatever indebtedness they owed the defendant, Ben Benson, by check; that Benson did not take the check to the bank upon which it was drawn, but to another bank in Hettinger, which held his note; that he cashed the check, paid his note, and got the balance of the money in cash. What happened afterwards was not material. The delivery of the check to Benson by the garnishees for a bona fide debt which they owed to the defendant, Benson, and the acceptance by the defendant of such check in full payment was payment. "Where a creditor agrees or consents to receive a check of his debtor as payment, the original indebtedness is thereby extinguished pro tanto, whether or not the check is actually paid by the drawee upon presentment, and even though payment thereof is stopped by the maker. The agreement need not be express or in writing, and it is sufficient if the circumstances and conduct of the parties show an understanding that the check is taken in satisfaction of the debt." 48 C. J. 619. "If it is distinctly understood that a check given by a debtor to his creditor is to be received in discharge of the obligation it will be given that effect by the courts." 21 R. C. L. § 59, p. 61; Johanna v. Lennon, 32 N. D. 71, 155 N. W. 685. Besides, in this case, the check passed into the hands of an innocent purchaser for value without notice according to the testimony of the plaintiffs' witness, Wigen. The Adams County State Bank was the owner of the check when the garnishment proceedings were instituted and it was error for the court to deny the motion for judgment notwithstanding the verdict.

The judgment of the lower court is reversed and the case is ordered dismissed with costs to the garnishees.

CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.